UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE LIBIO SINESTERRA COLORADO,

v.  Case No. 8:04-cr-243-T-17MSS
    8:06-cv-2339-T-17MSS

UNITED STATES OF AMERICA.
_____

O R D E R

Defendant Colorado filed a document entitled "Re:  Jose Libio Sinesterra Colorado in Proper Person for Independent Fill [sic] in Equity For Impeaching of Judgment, Invoking the Inherent Equity Jurisdiction of this Court. (Doc. No. cv-1; cr-288).  The Court construed the filing as a 28 U.S.C. § 2255 motion to vacate because the document related to his criminal conviction and judgment. The Court ordered the Government to respond.

Subsequently, the Government filed a motion for reconsideration or this Court's order characterizing Colorado's filing as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 and motion to stay the Government's response due date.  (Doc. No. 3).  The Government pointed out that the Court did not give the Castro warning required by Castro v. United States, 540 U.S. 375 (2003). Under Castro, this Court must advise Colorado of its intention to re-characterize Colorado's filing as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and warn Colorado that such re-characterization would render his motion and any subsequent § 2255 motion susceptible to the procedural limitations imposed upon § 2255 motions, specifically the one-year period of limitation and the successive petition bar applicable to post-conviction motions.

Before the Court ruled on the Government's motion, Colorado filed a motion requesting that the Court recharacterize his filing as a motion for a bill in equity to impeach his criminal judgment, just as he filed it. (Doc. No. 7). He also filed a motion to stay proceedings until the motion was recharacterized. (Doc. No. 8).

Having considered all pending filings and motions, the Court orders:

1. That Colorado's motion requesting the Court to recharacterize his filing as a motion for a bill in equity to impeach his criminal judgment (Doc. No. 7) is granted.

However, the United States Court of Appeals for the Eleventh Circuit affirmed Colorado's conviction, sentence, and judgment on direct appeal and this Court, in equity, will not impeach the criminal judgment. Therefore, Colorado's motion for a bill in equity impeaching his criminal judgment (Doc. cv-1; cr-288) is denied. The filing <u>will not be construed</u> as Colorado's first 2255 motion to vacate. The Clerk is directed to enter judgment against Colorado and to close the civil case.

2. That the remaining pending motions are denied as moot.

ORDERED at Tampa, Florida, on January 22, 2007.

*[signature]*
ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Pro se: JOSE LIBIO SINESTERRA COLORADO